NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FEDERICO FERIA, | : | Civil No. 12-6621 (JAP) |
| Petitioner, | : | |
| v. | : | OPINION |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**APPEARANCES:**

> FEDERICO FERIA, #60777-050
> FCI Gilmer
> P.O. Box 6000
> Glenville, West Virginia  26351
> Petitioner Pro Se

**PISANO**, District Judge:

Federico Feria, a federal prisoner who is presently confined at FCI Gilmer, filed "PETITION FOR RULE 60(b)(4) & (6)" in which he asks this Court "to correct his court ordered term under 18 U.S.C. § 924(c), using a firearm or brandishing such firearm during a crime of violence bank robbery."  [Dkt. 1 at 1.]  See United States v. Feria, Crim. 09-0518 (JAP)-2 judgment (D.N.J. Oct. 7, 2010).  For the reasons expressed below, the Court will deny the motion.

## I.  BACKGROUND

On February 18, 2009, the United States filed a criminal complaint charging Feria with three criminal counts.  See United States v. Feria, Crim. 09-0518 (JAP)-2 (D.N.J. filed July 9,

2009).  On July 9, 2009, Feria was indicted for conspiracy to commit bank robbery in violation of 18 U.S.C. § 1951, bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2, brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and § 2, and unlawful possession of a firearm by an illegal alien in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2).  On October 2, 2009, represented by counsel, Feria entered a guilty plea, through a plea agreement, to bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and 2, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1]  On October 7, 2010, this Court imposed an aggregate 114-month term of imprisonment, consisting of a 30-month term for bank robbery and a consecutive 84-month term for brandishing a firearm.  Feria did not file a direct appeal or a motion to vacate pursuant to 28 U.S.C. § 2255.

      Feria filed his Rule 60(b) motion or petition on October 4, 2012.  He asserts:

> What is in dispute herein is the 18 U.S.C. § 924(c) count.  Petitioner concedes that he is guilty of the bank robbery count, but that under the statute he is innocent of the 924(c) count.
>
> Petitioner and his co-defendants did indeed rob the bank, petitioner, as found on the record had only a toy gun, which was constructed of rubber and could not have chambered a shell or ammunition.  It was a toy and the plain language of the statute 18 U.S.C. § 924(c), that petitioner would have had to have been carrying a <u>firearm</u>, an element of the crime, was not present in the above numbered case.  For the purpose of 924(c) a firearm is defined, inter alia, as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive" 18 U.S.C. § 921(a)(3)(A).  Accordingly, a fake or toy gun does not come within this d[e]finition, as found in

---

[1] The plea agreement provided that Feria waived his rights to appeal and to collaterally attack the sentence, provided the sentence imposed fell within the guidelines range for an offense level of 19 or lower, plus a consecutive term of imprisonment of 84 months.  <u>United States v. Feria</u>, Crim. 09-0518 (JAP)-2 plea agreement, schedule A (D.N.J. Oct. 2, 2009) at (Dkt. 26).

> United States v. Jones, 16 F.3d 487 (Sept. 29, 1993) and also see United States v. Brewer 36 F.3d 266 (June 20, 1994).
>
> Petitioner asserts that the evidence is legally insufficient to sustain the 18 U.S.C. § 924(c) count and that even though by statute the bank robbery was/is a crime of violence that he may not be convicted of the 18 U.S.C. § 924(c) count as he is by statute, itself, not guilty of this count.  He was not convicted of any conspiracy involving this offense, even though his co-defendants were using actual firearms, he was not and therefore is not guilty of the firearms count that afforded him a term that was greater tha[n] the underlying offense of Bank Robbery.  That just the 18 U.S.C. § 921(a)(3)(A) definition alone is sufficient to prove this allegation that he is actually innocent of the firearms count, 18 U.S.C. § 924(c) and its mandatory . . . term.
>
> IN CONCLUSION
>
> Petitioner would pray that for the above stated statutes and case law that his case be vacated as to the 18 U.S.C. § 924(c) count and that he be remanded for re-sentencing to the . . . term for the Bank Robbery in the above numbered case.

[Dkt. 1 at 1-3.]

## II.  DISCUSSION

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment in a civil case under a limited set of circumstances.  See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Rule 60(b)(4) and (6), the provisions under which Feria brought this petition, permit a district court to relieve a party from a final judgment when "the judgment is void" or the movant shows "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(4) and (6).  But "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable in criminal cases."  Gray v. United States, 385 Fed. App'x 160, 162 (3d Cir. 2010); see also United States v. Pope, 124 Fed. App'x 680, 682 (2d Cir. 2005); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the

United States district courts . . ."). Although a Rule 60(b) motion may be used "to set aside a habeas denial" in certain circumstances, it "does not itself seek habeas relief." Harris v. United States 367 F.3d 74, 80 (2d Cir. 2004); see also United States v. Andrews, 463 Fed. App'x 169, 171-72 (3d Cir. 2012) (federal criminal defendant may pursue a Rule 60(b) motion in a § 2255 proceeding if he attacks some "'defect in the integrity of the federal habeas proceedings'") (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).

"The appropriate vehicle for a criminal defendant seeking to challenge his or her conviction or sentence is a motion under 28 U.S.C. § 2255." Gray, 385 Fed. App'x at 162-63.  In this case, Feria has not filed a motion to vacate under § 2255, and he is not seeking to set aside an order denying his motion to vacate under § 2255, since he never filed a § 2255 motion.  This Court will deny Feria's Rule 60(b) motion because it attacks his criminal judgment and sentence for brandishing a firearm, and such a challenge to a criminal conviction cannot be brought under Rule 60(b).  See Gray, 385 Fed. App'x at 162; Pope, 124 Fed. App'x at 682; Mosavi, 138 F.3d at 1366.

Even if this Court were to consider the claim under 28 U.S.C. § 2255, it would fail as barred by the statute of limitations.[2]  Under § 2255(f)(1), a one-year statute of limitations runs from the date on which the judgment of conviction becomes final.  See 28 U.S.C. § 2255(f)(1).  Because Feria did not file a direct appeal, his conviction became final 14 days later when the time to file a direct appeal expired on October 21, 2010.  See Kapral v. United States, 166 F.3d

---

[2] In Castro v. United States, 540 U.S. 375 (2003), the Supreme held that it is improper to recharacterize a pro se post-judgment filing as a first motion under 28 U.S.C. § 2255 unless the district court gives the litigant an opportunity to contest the recharacterization, or withdraw or amend the motion.  Accordingly, this Court will not recharacterize the Rule 60(b) motion as a motion under 28 U.S.C. § 2255.

565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired"); Fed. R. App. P. 4(b)(1)(A)(i).  The statute of limitations began the next day and ran for 365 days until it expired on October 24, 2011.  Because Feria did not execute his Rule 60(b) motion until October 4, 2012, even if it were a § 2255 motion, it would be time barred.

### III.  CONCLUSION

For the foregoing reasons, the Court denies the motion or petition under Rule 60(b) of the Federal Rules of Civil Procedure.


/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**


DATED:  November 26 , 2012